IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DESKTOPSITES, INC., <br><br> Plaintiff, <br><br> v. <br><br> VMWARE, INC., <br><br> Defendant. | Case No. 6:22-CV-284 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST VMWARE, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 271 *et seq.*, in which Plaintiff DesktopSites, Inc. ("Plaintiff" or "DesktopSites") makes the following allegations against Defendant Vmware, Inc., ("Defendant" or "VMware"):

**THE PARTIES**

1.      DesktopSites is a Canadian corporation with a principal place of business in Alberta, Canada.

2.      VMware is a Delaware corporation with a principal place of business at 3401 Hillview Avenue, Palo Alto, CA 94304. Vmware may be served with process through its Registered Agent for Service, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

1

## JURISDICTION AND VENUE

3. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because DesktopSites' claims for patent infringement arise under the laws of the United States, including 35 U.S.C. § 271, *et seq*.

4. This Court has personal jurisdiction over VMware because it resides and has a principal place of business in this District. Additionally, VMware has a continuous, systematic, and substantial presence in this District; because it regularly conducts business and solicits business within this District, and it has committed and continues to commit patent infringement in this District, including, without limitation, by making, using, selling, and offering for sale infringing products and services to consumers in this District; by purposefully directing activities at residents of this District; and by placing infringing products and services into the stream of commerce with the knowledge that such products and services would be sold in California and this District, which acts form a substantial part of the events giving rise to DesktopSites' claims.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because VMware resides in this District or has committed acts of infringement and a regular and established place of business in this District.

## FACTUAL BACKGROUND

6. On March 22, 2011, the United States Patent and Trademark Office ("PTO") duly and lawfully issued United States Patent No. 7,912,822 ("the '822 patent") entitled "System and Method for Launching a Resource in a Network." A true and correct copy of the '822 patent is attached hereto as **Exhibit 1**. DesktopSites owns all rights to the '822 patent via an Assignment recorded at the PTO on December 2, 2005, at Reel/frame 017317/0602.

7. On November 6, 2012, the PTO duly and lawfully issued United States Patent No. 8,306,961 ("the '961 patent") entitled "System and Method For Launching A Resource In A Network." A true and correct copy of the '961 patent is attached hereto as **Exhibit 2**. DesktopSites owns all rights to the '961 patent via an Assignment recorded at the PTO on March 18, 2011, at Reel/frame 025982/0026.

8. On May 20, 2014, the PTO duly and lawfully issued United States Patent No. 8,732,182 ("the '182 patent") entitled "System and Method For Launching A Resource In A Network." A true and correct copy of the '182 patent is attached hereto as **Exhibit 3**. DesktopSites owns all rights to the '182 patent via six Assignments recorded at the PTO on March 11, 2011, at Reel/frame 025954/0087, Reel/frame 025962/0455, Reel/frame 025954/0070, Reel/frame 025954/0040, Reel/frame 025953/0922, and Reel/frame 025953/0958. The '961 patent and '182 patent are both a continuation-in-part of the '822 patent, thus having similar disclosures. The '822 patent, '961 patent, and '182 patent are referred to herein as the Asserted Patents.

9. In general, the Asserted Patents are directed to systems and methods for a client connected to a server in a computer network to access a resource, such as an application, database, service, and/or file, stored in the network. For example, a client uses Remote Desktop Protocol ("RDP") command to transmit a graphical interface for both a remote desktop and application, thus accessing a resource. A first icon associated with a file is generated, and a second icon associated with an application in a graphical user interface is also generated. A client opens local files and launches files using a local application or published remote application.

10. More specifically, the Asserted Patents provided a novel technical improvement in computer functionality. Additionally, novel data structures and the processes that create and use them are claimed in the Asserted Patents to improve computer functionality.

11. DesktopSites (originally named CityCites.com Corp.) was created in 2000 to allow users to access their business information anywhere, anytime, on any device, easily, intuitively, and cost-effectively. DesktopSites' first access infrastructure product line was built on a Java backend to target Novell customers. During the early 2000s, with Microsoft's continued widespread popularity and market dominance, DesktopSites advanced their product line to support the Microsoft.net platform. In 2004, DesktopSites' Microsoft infrastructure access solution focused on reducing infrastructure, software licensing, and IT support costs with simple, intuitive, and easy-to-use access infrastructure features.

12. At the time, DesktopSites' software product line was the first in the remote access and access infrastructure industry. As such, the '822 patent and '961 patent are cited each by 91 other patents and patent applications. With the '822 patent even cited on the face of VMware's own United States Patent No. 9,201,667 entitled "Providing Virtual Desktops Using Resources Accessed On Public Computer Networks." Additionally, the '182 patent is cited in 220 other patents and patent applications. The '182 patent has been cited in more than 12 of VMware's own patents, including United States Patent Nos.: 10,949,246; 8,412,797; 9,613,045; 9,417,891; 9,542,209; 9,513,950; 9,003,037; 10,761,895; 9,519,513; 9,678,731; 9,146,721; and; 9,864,754.

13. Following commercialization, DesktopSites software began receiving rave reviews from customers and resellers alike, with DesktopSites building a reseller channel of over 150 resellers in North America in 2005. However, starting in the late 2000s, DesktopSites realized its key product features were being replicated and distributed across the United States and the world. The release of Server 2012 and Windows 8 desktop by Microsoft finally replicated DesktopSites features and effectively eliminated all market need for stand-alone access infrastructure software. In 2014, VMware supported Microsoft's Remote Desktop Session Host ("RDSH").

14. In 2015, as global billion-dollar companies took over cloud-based solution offerings, a small company like DesktopSites had to compete without the financial backing and marketing visibility of such global vendors. And thus, DesktopSites was forced out of the market.

15. VMware's Horizon product supports RDP to transmit a graphical interface for both a remote desktop and an application. A VMware Horizon client generates a file type to application association. Thus VMware Horizon generates a first icon associated with a file and a second icon associated with an application in a graphical user interface. Horizon allows users to open local files with both local and remote applications. A user launches a file using either a published remote application or a local application. A file handler registers an application to support file type association on a client device to allow users to access both remote and local applications for this file type. Horizon enables a user to choose whether to launch a supported file with a remote application first. When a remote application fails, a user chooses to control a local application through Horizon. In sum, VMware's Horizon provides access to a resource, such as an application, database, service, and/or file, stored in the network.

16. VMware owns United States Trademark Registration No. 4,543,627 of "HORIZON" for "[s]oftware to securely deliver and manage robust end-user computing (data and applications) across multiple types of smart devices, including personal computers, tablet computers, and mobile telephones; software that enables enterprises to securely network, and deliver and manage corporate workspaces used by a mobile workforce, including desktops." The first use of this trademark in commerce occurred in February 2013. Additionally, VMware owns United States Trademark Registration No. 5,540,750 of "HORIZON FLEX" for "[d]ownloadable software for enabling an enterprise to centrally deliver, manage, and secure virtual desktops

relevant to the enterprise." The first use of this trademark in commerce occurred in December 2014.

17. VMware is and has been making, using, selling, and offering for sale its "Horizon" product including "Horizon 7 Editions," "Horizon Air," and "Horizon FLEX" (the "Accused Product") since at least February 2013 with earlier iterations called "VMware View" in 2008. The Accused Product can be purchased directly from VMware on their website at https://www.vmware.com/products/horizon.html.

18. Beginning in 2014, VMware became aware of DesktopSites' Asserted Patents. In 2014 when VMware announced its future support of Microsoft's RDSH for publishing applications, DesktopSites reached out to Tushar Kant, the Director, Product Management – Artificial Intelligence & Cloud Computing. There, they discussed potential opportunities in acquiring or licensing DesktopSites' now Asserted Patents and using DesktopSites' products. During these discussions with VMware, DesktopSites' Asserted Patents were explicitly disclosed to VMware, and shortly thereafter, VMware released their HORIZON 7 product.

19. On September 23, 2020, DesktopSites' counsel emailed Amy Fliegelman Olli a letter explaining VMware's infringement of the Asserted Patents. The letter included exemplary claim charts evidencing VMware's infringement of specific claims of the Asserted Patents. Danielle Coleman of VMware responded one month later, on October 22, 2020, alleging that "Horizon does not perform many of the limitations in the claims of each patent and therefore does not infringe any of them."

20. DesktopSites' counsel sent an email to Ms. Coleman on March 13, 2021, rebutting VMware's non-infringement position. However, Ms. Coleman did not respond. On March 21, 2021, DesktopSites' counsel emailed Ms. Coleman, but Ms. Coleman did not reply. Again, on

April 8, 2021, DesktopSites' counsel emailed Ms. Coleman to follow up. Finally, on April 14, 2021, Ms. Coleman replied, "[w]e are reviewing the March 21 correspondence and will follow up soon with a response or to set up a phone call."

21. Two months later, on May 28, 2021, VMware replied to DesktopSites' counsel's March 21, 2021 communication. VMware continued to refute infringement.

22. VMware contended that "the Horizon product does not support the RDP protocol for use with remote (published) applications." However, VMware's own published content provides otherwise. VMware has published documents that can be found here: https://docs.vmware.com/en/VMware-Horizon-7/7.13/horizon-installation/GUID-15CA7E5D-A5EE-436E-97A3-E5B522DCCAA0.html, stating that "[r]emote display protocols and software provide access to remote desktops and applications.



23. The remote display protocol used depends on the type of client device, whether you are connecting to a remote desktop or a remote application, and how the administrator configures the desktop or application pool." Thus, VMware supports RDP to connect to both desktops and applications depending on how an administrator configures the desktop or application pool.

24. Furthermore, if an administrator chooses to use Microsoft RDP for Application farms, the administrator can select Microsoft RDP and enable "[a]llow users to choose protocol."

VMware even states that "[i]f you select RDP and you plan to use this farm to host applications pools, you must set **Allow users to choose protocol** to **Yes**," which can be found here: https://www.carlstalhood.com/vmware-horizon-7-rds-farmspools/#rdsmanual.



25. VMware provides administrators instructions on how to select, use, and thus support Microsoft RDP.





26. VMware even published a video found at https://www.youtube.com/watch?v=4FB1GeX31yY showing Microsoft RDP being supported by VMware's Horizon 6 and supporting published Application Pools. More specifically, at 3:34, a VMware Horizon client can launch a published application using Microsoft RDP Connection.



27. Therefore, if VMware continues to assert that there is no support for RDP protocol for use within remote (published) applications, their publicly available information is incorrect because it instructs users to set up and configure Microsoft RDP while offering it within their software.

28. It is clear that despite numerous good faith attempts by DesktopSites to resolve this matter amicably that VMWare has no intention to engage in any meaningful discussions and is simply continuing its practice of "efficient infringement" of Desktopsites' patents absent the presence of a lawsuit.

29. DesktopSites has incurred significant financial and personal costs in commercializing its technology because companies like VMware repeatedly choose to ignore DesktopSites and its patents. Accordingly, DesktopSites seeks court intervention to enforce its patent rights and get the recognition and compensation it deserves.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '822 patent)

30. DesktopSites repeats, realleges, and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

31. VMware, by and through its agents, officers, directors, resellers, retailers, employees, and servants, has and is currently infringing the '822 patent by making, using, offering to sell, selling, exporting, and importing into the United States the Accused Product, which embodies claims set forth in the Asserted Patents.

32. For example, as shown in **Exhibit 4**, the Accused Product embodies each limitation of at least claim 1 of the '822 patent.

33. VMware has infringed and continues to infringe the '822 patent, either literally or under the doctrine of equivalents. VMware's infringing activities in the United States and this District include, among other things, making, using, selling, and offering for sale the Accused Product.

34. VMware has induced and continues to induce infringement of the '822 patent. VMware induces its customers to install, download, and use the Accused Product. For example, VMware provides customers an installation portal to download VMware Horizon on its website. *See*, *e.g.*, Download VMware Horizon Clients (available at https://my.vmware.com/en/web/vmware/downloads/info/slug/desktop_end_user_computing/vmware_horizon_clients/horizon_8) (last accessed May 14, 2021). VMware provides installation and operation support to its customers.

35. The infringement chart set forth in Exhibit 4 is based on DesktopSites' current understanding of the Accused Product, which only contains information that VMware has made publicly available. The chart does not set forth all of DesktopSites' infringement theories. The

11

Accused Product embodies other claims set forth in the '822 patent, which will be disclosed in forthcoming infringement contentions under this District's local patent rules. DesktopSites reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and this Court completing its claim construction proceedings.

36. VMware has been aware of its infringement of the '822 patent at least as early as 2014. VMware has made no effort to avoid infringement despite knowing that its actions were consciously wrongful and characteristic of a pirate. Accordingly, VMware's infringement has been and continues to be willful, and this case is exceptional.

37. Upon information and belief, VMware has generated millions of dollars in annual revenue from the sale of products that embody the '822 patent, exposing VMware to significant liability for its infringement of the Asserted Patents.

38. Upon information and belief, unless enjoined, VMware and others acting on behalf of VMware will continue their infringing acts, thereby causing irreparable harm to DesktopSites for which there is no adequate remedy at law.

39. As a result of VMware's infringement of the '822 patent, DesktopSites has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial, and is entitled to recovery of such as well its attorney fees.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '961 patent)**

40. DesktopSites repeats, realleges, and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

41. VMware, by and through its agents, officers, directors, resellers, retailers, employees, and servants, has and is currently infringing the '961 patent by making, using, offering

to sell, selling, exporting, and importing into the United States the Accused Product, which embodies claims set forth in the Asserted Patents.

42. For example, as shown in **Exhibit 5**, the Accused Product embodies each limitation of at least claim 1 of the '961 patent.

43. VMware has infringed and continues to infringe the '961 patent, either literally or under the doctrine of equivalents. VMware's infringing activities in the United States and this District include, among other things, making, using, selling, and offering for sale the Accused Product.

44. VMware has induced and continues to induce infringement of the '961 patent. VMware induces its customers to install, download, and use the Accused Product. For example, VMware provides customers an installation portal to download VMware Horizon on its website. *See, e.g.*, Download VMware Horizon Clients (available at https://my.vmware.com/en/web/vmware/downloads/info/slug/desktop_end_user_computing/vmware_horizon_clients/horizon_8) (last accessed May 14, 2021). VMware provides installation and operation support to its customers.

45. The infringement chart set forth in Exhibit 5 is based on DesktopSites' current understanding of the Accused Product, which only contains information that VMware has made publicly available. The chart does not set forth all of DesktopSites' infringement theories. The Accused Product embodies other claims set forth in the '961 patent, which will be disclosed in forthcoming infringement contentions under this District's local patent rules. DesktopSites reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and this Court completing its claim construction proceedings.

46. VMware has been aware of its infringement of the '961 patent at least as early as September 23, 2020. VMware has made no effort to avoid infringement despite knowing that its actions were consciously wrongful and characteristic of a pirate. Accordingly, VMware's infringement has been and continues to be willful, and this case is exceptional.

47. Upon information and belief, VMware has generated millions of dollars in annual revenue from the sale of products that embody the '961 patent, exposing VMware to significant liability for its infringement of the Asserted Patents.

48. Upon information and belief, unless enjoined, VMware and others acting on behalf of VMware will continue their infringing acts, thereby causing irreparable harm to DesktopSites for which there is no adequate remedy at law.

49. As a result of VMware's infringement of the '961 patent, DesktopSites has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial, and is entitled to recovery of such as well its attorney fees.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the '182 patent)**

50. DesktopSites repeats, realleges, and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

51. VMware, by and through its agents, officers, directors, resellers, retailers, employees, and servants, has and is currently infringing the '182 patent by making, using, offering to sell, selling, exporting, and importing into the United States the Accused Product, which embodies claims set forth in the Asserted Patents.

52. For example, as shown in **Exhibit 6**, the Accused Product embodies each limitation of at least claim 1 of the '182 patent.

53. VMware has infringed and continues to infringe the '182 patent, either literally or under the doctrine of equivalents. Vmware's infringing activities in the United States and this District include, among other things, making, using, selling, and offering for sale the Accused Product.

54. VMware has induced and continues to induce infringement of the '182 patent. VMware induces its customers to install, download, and use the Accused Product. For example, VMware provides customers an installation portal to download VMware Horizon on its website. *See, e.g.*, Download VMware Horizon Clients (available at https://my.vmware.com/en/web/vmware/downloads/info/slug/desktop_end_user_computing/vmware_horizon_clients/horizon_8) (last accessed May 14, 2021). VMware provides installation and operation support to its customers.

55. The infringement chart set forth in Exhibit 6 is based on DesktopSites' current understanding of the Accused Product, which only contains information that VMware has made publicly available. The chart does not set forth all of DesktopSites' infringement theories. The Accused Product embodies other claims set forth in the '182 patent, which will be disclosed in forthcoming infringement contentions under this District's local patent rules. DesktopSites reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and this Court completing its claim construction proceedings.

56. VMware has been aware of its infringement of the '182 patent at least as early as September 23, 2020. VMware has made no effort to avoid infringement despite knowing that its actions were consciously wrongful and characteristic of a pirate. Accordingly, VMware's infringement has been and continues to be willful, and this case is exceptional.

57. Upon information and belief, VMware has generated millions of dollars in annual revenue from the sale of products that embody the '182 patent, exposing VMware to significant liability for its infringement of the Asserted Patents.

58. Upon information and belief, unless enjoined, VMware and others acting on behalf of VMware will continue their infringing acts, thereby causing irreparable harm to DesktopSites for which there is no adequate remedy at law.

59. As a result of VMware's infringement of the '182 patent, DesktopSites has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial, and is entitled to recovery of such as well its attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, DesktopSites prays for entry of judgment in its favor and against VMware as follows:

(a) An Order adjudging VMware to have directly infringed or induced infringement of the Asserted Patents under 35 U.S.C. § 271;

(b) A permanent injunction under 35 U.S.C. § 283 enjoining VMware, its officers, directors, agents, servants, resellers, retailers, employees, attorneys, and those persons acting in concert or participation with them, from infringing or inducing the infringement of the Asserted Patents in violation of 35 U.S.C. § 271;

(c) An award to DesktopSites of a reasonable royalty for VMware's use, sale, and manufacture of the Accused Product, subject to proof at trial;

(d) An Order adjudicating that this is an exceptional case;

(e) An award to DesktopSites of all attorneys' fees incurred by DesktopSites in connection with this action under 35 U.S.C. § 285;

(f) An award of pre-judgment and post-judgment interest and costs of this action against VMware;

(g) For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

DesktopSites, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 11, 2022

Respectfully submitted,

/s/ *Trevor Q. Coddington (w/ permission William E. Davis, III)*
William E. Davis, III
Texas State Bar No. 24047416
The Davis Firm PC
213 North Fredonia, Suite 230
Longview, TX 75601
Tel: (903) 230-9090
bdavis@davisfirm.com

Trevor Q. Coddington
California State Bar No. 243,042
tcoddington@insigne.law
(*pro hac vice to be filed*)
Adam T. Turosky
California State Bar No. 336,024
aturosky@insigne.law
(*pro hac vice to be filed*)
Insigne PC
5650 El Camino Real, Suite 130
Carlsbad, CA 92008
Tel: (858) 227-6633

*Attorneys for Plaintiff DesktopSites, Inc.*