Case 6:22-cv-00284-ADA-DTG   Document 54   Filed 09/06/22   Page 1 of 5

**FILED**
September 06, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: ____lad____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DESKTOPSITES, INC., <br><br> Plaintiff, <br><br> v. <br><br> VMWARE, INC., <br><br> Defendant. | Case No. 6:22-CV-284-ADA-DTG |

### DECLARATION OF LAURA ARMSTRONG, REPRESENTATIVE FOR DESKTOPSITES, TO OPPOSE THE MOTION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF

TO THE HONORABLE JUDGE OF SAID COURT:

I, Laura Armstrong, declare as follows:

1. Desktopsites, Inc. ("Desktopsites" or "Plaintiff") is a nonoperational corporation and has been nonoperational for well over 2 years. As a nonpaid acting Secretary for Desktopsites, I manage all necessary activities, documentation and communications required of and on behalf of Desktopsites. If called as a witness, I would testify competently regarding the facts set forth herein, as I know each to be true based upon my own personal knowledge. I submit this declaration on behalf of Desktopsites in opposition of Insigne PC's ("Insigne" or "Counsel") Motion to Withdraw as Attorney for Plaintiff.

2. Insigne has been representing Plaintiff since May 2020 in various patent enforcement matters, including this action. On June 17, 2022, via email, Plaintiff was contacted by Counsel regarding Defendant's Reply Brief in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6), Filed Under Seal June 16th, 2022. "Willful infringement claims based on doctored screenshots in pre-suit correspondence necessarily fail" was noted as

one of Defendant's arguments.

3.   June 17, 2022, through June 20, 2022, via email, Plaintiff was in correspondence with Counsel, in which Plaintiff provided clarification, explanation, and elaboration to Counsel regarding such doctored screenshots. Thereafter, from June 20, 2022, to July 27, 2022, no further discovery, whether by email or phone, occurred or was requested from Counsel for Plaintiff pertaining to the screenshots in question.

4.   As per Certificate of Service noted in Defendant's Motion for Sanctions Pursuant to Rule 11 and the Court's Inherent Authority and accompanying exhibits according to Fed. R. of Civ. Pro. 11(c)(2) (the "Rule 11 Motion"), Defendant's Motion for Sanctions was electronically served to all counsel on record on the 12th day of July 2022. However, Plaintiff was not notified by Counsel that Defendant served Plaintiff with such Sanctions. Therefore, Plaintiff had no knowledge of the Rule 11 Motion served against Plaintiff on July 12, 2022, in which The Rule 11 Motion alleges that Plaintiff "fabricated evidence in a federal court filing," and Defendant seeks its attorneys' fees to defend this action and hold Plaintiff and Insigne joint and severally liable. Nor did Counsel communicate any such allegations to Plaintiff where such allegations placed Insigne in a compromised professional and ethical position with respect to Plaintiff.

5.   July 27, 2022, via email, this was the first correspondence Plaintiff received from Counsel pertaining to Defendant "threatening/ready to" file a Rule 11 motion against Plaintiff. However, as of July 27, 2022, Plaintiff still had no knowledge that sanctions against Plaintiff had already been served to Counsel on July 12th, 2022. Within the same email, Counsel provided assurance to Plaintiff that Counsel was comfortable arguing that our position was reasonable. Counsel also noted they would be meeting up with Defendant's Counsel prior to Defendant's sanctions filing deadline date of August 2nd, 2022, of which, to Plaintiff's knowledge, was to discuss and come to a mutual understanding, agreement and/or conclusion to the case that would be mutually beneficial for all parties involved.

6.   August 1, 2022, at 5:50 PM, via email, Plaintiff received communications from

Counsel stating that, so as to avoid the sanctions motions, Counsel believes the best course of action is to dismiss the case voluntarily and without prejudice. Upon receiving this correspondence from Counsel, Plaintiff was under the assumption that Counsel and Defendant's Counsel had come to an agreement with this course of action Counsel was recommending and would be taking on behalf of Plaintiff.

7.  In the same email communications of August 1, 2022, received at 5:50 PM, Counsel stated they would be disengaging themselves from further representation of Plaintiff as their firm could not risk their reputation in advancing the case any further. Counsel concluded the email stating they would be dismissing the case the following day without prejudice and wished us the best of luck in the future.

8.  August 4, 2022, Plaintiff receive an email communication from Counsel which included a copy of Defendant's motion for sanctions against Plaintiff, outlining a response due date, request for new lead counsel, if additional time would need to be requested, and that this should be addressed immediately. Plaintiff was absolutely shocked regarding this correspondence, as per the email correspondence from Counsel August 1st, 2022, 5:50 PM, Plaintiff was under the pretense that, with both parties in agreement, the case was fully dismissed and concluded upon.

9.  August 4, 2022, Plaintiff, upon receiving the Defendant's Motion for Sanctions for the first time from Counsel, Plaintiff noted that within the Certificate of Service it states "Pursuant to L.R. CV-7(G), the undersigned further certifies that on August 1, 2022, counsel for the parties conferred in a good faith attempt to resolve the matters raised in this motion. As requested in its motion", Defendant "told Plaintiff that a dismissal with prejudice was needed to protect" Defendant "from further harm caused by Plaintiff's actions, but Plaintiff opposed the form of relief sought by" Defendant "and only offered a dismissal without prejudice. Counsel for the parties agreed to discuss the form of dismissal with their respective clients and to follow up by email the following day. Instead, however, on August 2, 2022, with no advance notice, Plaintiff preemptively filed a notice of voluntary dismissal without prejudice. When"

Defendant "responded that it would proceed with filing its Rule 11 motion, opposing counsel advised that they no longer represent the Plaintiff."

10. Plaintiff was shocked to read the summation noted within the Defendant's Motion for Sanctions Certificate of Service as: 1. Counsel did not have a 'discussion' with Plaintiff regarding the forms of dismissal and repercussions that could entail from each decision; 2. Counsel did not ask Plaintiff if they would like to proceed with a dismissal with prejudice as requested by Defendant. 3. Counsel was not discharged from their responsibilities as Counsel for Plaintiff on August 2, 2022. Rather, Counsel could have and should have contacted Plaintiff regarding Defendant's response prior to Defendant's Council proceeding with filing its Rule 11 motion against Plaintiff and Insigne.

11. August 9, 2022, at the request of Plaintiff, via email, Counsel contacted Defendant's Counsel in order to seek an agreement with Defendant so as to consider dismissing the case with prejudice. Defendant denied the request.

12. On August 24, 2022, via email, Counsel provided Plaintiff with a copy of Insigne's Motion to Withdraw as Attorney for Plaintiff, seeking Plaintiff's signature in order to consent to the withdrawal. In the same email, Insigne informed Plaintiff that The Davis Firm PC ("The Davis Firm"), who was engaged as local counsel in this action, had already filed a motion to withdraw. Plaintiff had not received any communications from The Davis Firm regarding a motion to withdraw.

13. On August 25, 2022, via email, Plaintiff provided a detailed explanation to Counsel explaining why Plaintiff had refused to sign and agree to Insigne's withdrawal.

14. August 29, 2022, via email, Plaintiff received Insigne's Motion to Withdraw as Attorney for Plaintiff, filed that same day.

15. Plaintiff is aware that Insigne believes there is a conflict. Plaintiff believes the conflict is reconcilable and that in the best interest of all parties involved, a resolution to this matter can and should be obtained in a timely fashion without the need to delay this matter any further.

16. A withdrawal of Insigne at this time will have a materially adverse effect on the

interests of the Plaintiff.

17. Plaintiff's contact information is as follows:

    Desktopsites, Inc.

    42 Chapman Road SE

    Calgary, Alberta AB

    T2X 3R1

    Laura Armstrong, Secretary

    lauraa@desktopsites.com

    403-710-7682

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court does not enter an order removing Insigne PC as attorney of record of this action, but rather, that Insigne's Motion to Withdraw as Attorney for Plaintiff is denied and that they maintain their responsibility as attorney of record of this action.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: September 6, 2022                             Respectfully Submitted,

                                                    **Desktopsites, Inc.**

                                                    *s/Laura Armstrong*

                                                    Laura Armstrong
                                                    Desktopsites, Inc.
                                                     Secretary
                                                     Admitted Pro Se
                                                     lauraa@desktopsites.com