IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DESKTOPSITES, INC., § | |
|     Plaintiff, § | |
| § | |
| v. § | Case No. 6:22-CV-284-ADA-DTG |
| § | |
| VMWARE, INC., § | |
|     Defendant. § | |

**REPORT AND RECOMMENDATION ON THE DEFENDANT'S
MOTIONS TO DISMISS AND FOR SANCTIONS (DKT. NOS. 22, 45)**

TO:   THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pending before the Court is a motion to dismiss and a motion for sanctions. Dkt. Nos. 22, 45. A key argument in the defendant's motion to dismiss was that the plaintiff's complaint and infringement allegations relied on improperly modified documentary evidence. Dkt. No. 22 at 1 (referring to doctored screenshots used to support infringement allegations). After briefing on the motion to dismiss was complete, the plaintiff non-suited its case. Dkt. No. 43 (voluntarily dismissing the case without prejudice). That same day, the defendant filed a motion for sanctions. Dkt. No. 45. On September 26, 2022, the Court held a hearing on the defendant's motion for sanctions, preliminarily granted the motion for sanctions, and ordered additional briefing on the appropriate attorneys' fees. Dkt. No. 60. After completion of the additional briefing, the Court conducted another hearing on November 1, 2022. Dkt. No. 68.

After considering the briefing and arguments of counsel, the undersigned **RECOMMENDS** that the case be **DISMISSED WITH PREJUDICE**, and that the defendant shall be considered the prevailing party for purposes of costs.

## I. BACKGROUND

This case involved allegations of patent infringement supported by modified evidence. The original complaint asserted patent infringement based on the defendant's alleged remote desktop application. Part of those allegations were supported by evidence that had been modified either by the plaintiff or someone working for the plaintiff.

The defendant moved to dismiss the original complaint by contending that it did not practice the patented invention. In that motion, the defendant contended that the plaintiff submitted doctored screenshots as part of its presuit correspondence with the defendant. Dkt. No. 22 at 6 n.2. In its response, the plaintiff's counsel relied on the doctored screenshots, and the defendant's reply specifically pointed out the modifications that had been made to the doctored screenshots and how the plaintiff's reliance on them was completely inappropriate. Dkt. No. 26 at 1-2, 9; Dkt. No. 38 at 2. It was the defendant's reply that clearly identified the doctored images and the improper use by the plaintiff.

Shortly after filing its reply, the defendant served its proposed motion for sanctions on the plaintiff. Dkt. No. 45 at 22 (certifying the motion for sanctions was served on the plaintiff on July 12, 2022 in compliance with Federal Rule of Civil Procedure 11(c)(2)). On August 2, 2022, the last day of the 21-day safe harbor under Rule 11, the plaintiff voluntarily dismissed this case without prejudice. Dkt. No. 43. That same day, the defendant filed the present motion for sanctions. Dkt. No. 45.

## II. ANALYSIS

After a review of the cited case law, the Court recommends denying the request for monetary sanctions. As the Fifth Circuit has noted, sanctions under Rule 11 should be the least severe sanction that fits the purpose of Rule 11. *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 878-79 (5th Cir. 1988). As the plaintiff dismissed the case at the close of the safe-harbor period under Federal Rule of Civil Procedure 11, the defendant's threatened motion achieved the desired result—withdrawal of the offending pleading.

*Sarco Creek Ranch v. Greeson* out of the Southern District of Texas is exemplary of how a court should address a request for sanctions. 167 F. Supp. 3d 835 (S.D. Tex. 2016). The misconduct addressed in *Sarco Creek* involved fabricated evidence and false testimony presented by a party to avoid summary judgment. *Id*. at 842-844. That is not the factual scenario here.

In this case, while there was a slight delay between the Rule 11 motion being sent to the plaintiff and the plaintiff dismissing the case, at the end of the 21-day safe-harbor period, the plaintiff dismissed the case without prejudice. Once the problematic evidence was clearly and specifically identified, the plaintiff dismissed the case. That does not relieve the plaintiff of any wrongdoing, however, as its complaint and responses to the defendant's motion to dismiss relied in part on the doctored evidence. *See* Dkt. No. 52 at 3 (citing evidence in addition to the doctored images that supported the plaintiff's case). As the goal of the defendant's motion was to have the offending pleading withdrawn, which the plaintiff has done, the additional sanction of making the dismissal with prejudice will relieve the defendant from the possibility of the patent at issue ever being asserted against the defendant. The undersigned therefore **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** and that the defendant be considered the prevailing party.

### III. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's motion to dismiss (Dkt. No. 22) be **GRANTED** and the defendant's motion for sanctions (Dkt. No. 45) be **DENIED**. The undersigned therefore **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** and that the defendant be considered the prevailing party.

### IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 16th day of September, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE